# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA MARTINEZ,<br>    Plaintiff,<br><br>            v.<br><br>FCA US, LLC, et al.,<br>    Defendants. | CV 20-2400 DSF (RAOx)<br><br>Order Remanding Case to State Court |

    This case was removed from state court on the basis of diversity. It is undisputed that one of the Defendants, Santa Monica Chrysler Jeep Dodge Ram, is not diverse from Plaintiff. Removing Defendant FCA US, LLC argues that Santa Monica is fraudulently joined.

    A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (emphasis in original). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

The entirety of the fraudulent joinder argument is as follows:

> 31. Here, Plaintiff has sued FCA for six causes of action except the seventh cause of action for "Negligent Repair" which is claimed only against Santa Monica. FCA believes Plaintiff has no intention of prosecuting this claim against Santa Monica. Indeed, a review of the Complaint's allegations regarding Santa Monica are bare-boned, non-specific allegations as related to Santa Monica. (Compl., *generally* and ¶¶ 164-168).
>
> 32. Accordingly, it is evident these claims were only brought to defeat the claim of diversity and removal to Federal Court. Indeed, FCA's counsel's vast litigation experience in opposing these type of cases has been that individual dealerships have not been regularly sued. (Stuhlbarg Decl., ¶ 7). Because Plaintiff's joinder of Santa Monica is fraudulent, this Court has the jurisdiction to accept this matter. Accordingly, complete diversity exists for purposes of 28 U.S.C. § 1332 jurisdiction.

Notice of Removal ¶¶ 31-32.

This falls far short of convincing the Court that the claim against Santa Monica is even deficient, let alone obviously deficient and not capable of being cured by amendment.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: March 17, 2020

Dale S. Fischer
United States District Judge